IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROGER WRIGHT,<br>   *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | C.A. NO. 1:24-cv-447 |
| TEXAS AGGREGATES, LLC,<br>   *Defendant.* | §<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Roger Wright and files this Original Complaint against Texas Aggregates, LLC ("Defendant" or "Texas Aggregates").

### I.    NATURE OF THE CASE

1.    This employment discrimination case is brought by Roger Wright, a former employee of Texas Aggregates, LLC. Plaintiff brings claims of discrimination due to his race (African American), including an adverse employment action claim (termination), a hostile work environment claim, and retaliation under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), and the Texas Commission on Human Rights Act ("TCHRA").

### II.    PARTIES

2.    Roger Wright is an individual, who is a current resident of the State of Texas residing within the jurisdiction of this Court.

3.    Defendant Texas Aggregates, LLC is a Texas-based for-profit company that may be served

through its registered agent, Ronnie Klatt, located at 2001 Picadilly Drive, Round Rock, Texas 78664.

## III.    JURISDICTION AND VENUE

4.    The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights.  28 U.S.C. § 1331.

5.    Within 300 days of the last discriminatory act complained of, Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

6.    As such, Plaintiff has exhausted any applicable administrative remedies and on or about March 25, 2024, received the Dismissal and Notice of Right to Sue letter from EEOC. This lawsuit has been filed within 90 days of his receipt of the Dismissal and Notice of Right to Sue letter.

7.    Thus, all conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

8.    Venue is proper in this judicial district court under 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e-5(f)(3), because Texas Aggregates has offices, conducts business, and can be found in this district, and a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in the Western District of Texas Austin Division.

## IV.    STATEMENT OF FACTS

9.    Plaintiff is an African American male and worked for Texas Aggregates at the Bastrop location (located at 421 Old Perkins Road, Bastrop, Texas 78602) as a Plant Operator from approximately March 2023 to August 2023.

10.    Before Plaintiff's employment commenced, Plaintiff's Caucasian manager, Colby Smith ("Smith"), inquired about any pre-existing commitments regarding scheduled time off.  Plaintiff notified Smith of specific days he needed off for a pre-planned vacation and medical appointments,

which were subsequently approved by Smith.

11.     From about March 2023 to May 2023, Plaintiff diligently kept Texas Aggregates informed of all his time commitments, anticipated and not, and unforeseen emergencies. Despite obtaining approval for these absences from Smith, Plaintiff faced unwarranted disciplinary actions in the form of write-ups for alleged excessive absences from work.

12.     However, Plaintiff noticed that his non-African American coworkers were not disciplined for their many absences or tardiness from work. Specifically, Plaintiff discovered that several of Plaintiff's Caucasian coworkers consistently arrived late for work and received approval for sudden requests for time off that were similar or the same reasons provided by Plaintiff, but none of those employees received any repercussions like Plaintiff did.

13.     In response to the disparity in treatment and an initial warning for alleged "excessive" tardiness, Plaintiff scheduled a meeting with Smith to address the unfairness and concerns about racial bias in the workplace. In other words, Plaintiff engaged in the protected activity of complaining about the disparate treatment he had been facing at Texas Aggregates due to his race. However, Smith disregarded Plaintiff's concerns and took no corrective action.

14.     After Plaintiff complained to Smith about the disparate treatment that he was getting due to his race, Plaintiff began to experience a hostile work environment created by his Caucasian manager and coworkers at Texas Aggregates. Specifically, on or about June 1, 2023, Plaintiff discovered a drawing of male genitalia on the back of his vehicle parked at work. This drawing could have only happened on the premises at Texas Aggregates during his workday. Thus, it was more likely than not a Texas Aggregates employee that drew this obscene picture on Plaintiff's vehicle. Plaintiff reported this incident to Smith, but no further action was taken. Once again, Smith dismissed Plaintiff's complaints of disparate treatment.

15.     Then, on or about June 13, 2023, Plaintiff observed racially motivated messages written on

the whiteboard that is located where he and his Caucasian coworkers were stationed at work. Specifically, under a "To Do" list on the white board posted in the workplace, there was a task that listed "catch more coons," followed closely by the words "black folk." Plaintiff was the only African American male working at this location and felt this was a targeted attack on him and his race. Plaintiff reported this incident to Smith as well as his direct supervisor, but once again Plaintiff's complaints were dismissed and no corrective action was taken.

16.    On or about July 11, 2023, after already having made multiple complaints of discrimination, Plaintiff suddenly received a write up notice for excessive tardiness and was suspended from work for three days.

17.    On or about July 24, 2023, Plaintiff's car was broken into and many of his personal belonging were stolen. Despite this, he still went into work that day. Plaintiff requested and was granted leave by Texas Aggregates for the next day to replace essential documents that were stolen, including his driver's license, social security card, and other pertinent items.

18.    On or about July 28, 2023, Plaintiff discovered another drawing of male genitalia at a different location within the plant, and this time with his name inscribed within the genitalia. Plaintiff promptly reported this to Texas Aggregates, but ultimately, nothing was done about it. In fact, Smith encouraged the hostile work environment.

19.    On or about August 4, 2024, shortly after Plaintiff's last complaint to Texas Aggregates about the hostile work environment and feeling targeted by his coworkers, Plaintiff was ultimately terminated due to his race and retaliated against for complaining about the disparate treatment and hostile work environment. Texas Aggregates provided false and/or pretextual reason(s) for Plaintiff's termination but the true reason for Plaintiff's termination was his race, his complaints about the disparate treatment he faced at Texas Aggregates, and/or in retaliation for his complaints.

## V.    CAUSES OF ACTION

A.    COUNT NO. 1: DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT (DISPARATE TREATMENT BASED UPON RACE)

20.    Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

21.    Plaintiff is a member of one or more protected classes under Title VII of the Civil Rights Act. Plaintiff suffered disparate treatment at Texas Aggregates due to his race.

22.    Specifically, due to his race, Plaintiff was treated differently (and worse) than his non-African American coworkers. Plaintiff was reprimanded and disciplined for things that non-African Americanworkers at Texas Aggregates were not. As the only African American at the Texas Aggregates location where Plaintiff worked, this was a glaring disparity in treatment that harmed Plaintiff.

23.    The presence of a discriminatory motive by Plaintiff's manager can be inferred from the fact that there were differences in reprimand for African American individuals in comparison to other races at TEXAS AGGREGATES. *International Brotherhood of Teamsters v. U.S.*, 431 U.S. 324 (1977).

B.    COUNT NO. 2: HOSTILE WORK ENVIRONMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT

24.     Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

25.    Plaintiff was subjected to a hostile work environment by his coworkers through openly racial slurs, obscene vandalism of Plaintiff's vehicle, and more and such an environment was ratified by his supervisors and/or the management of Texas Aggregates.

C.    COUNT NO. 3: DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT (ADVERSE EMPLOYMENT ACTION BASED UPON RACE)

26.    Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as

though fully set forth herein.

27.     Plaintiff is a member of one or more protected classes under Title VII of the Civil Rights Act.

28.     Texas Aggregates either provided Plaintiff with a pretextual reason for his termination (pretext inquiry) or, if the reason was true, Plaintiff's race was still a motivating factor in the termination.

29.     However, it is clear that Plaintiff was ultimately terminated, in some respect, due to his race.

D.     COUNT NO. 4: RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT

30.     Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

31.     Plaintiff complained to Texas Aggregates multiple times regarding the discrimination he suffered while working for the company. Specifically, Plaintiff complained of disparate treatment and a hostile work environment.

32.     Not only did the company fail to address the issue and/or ratified the discriminatory conduct, but Texas Aggregates retaliated against Plaintiff by terminating him due to his complaints of discrimination.

E.     COUNT NO. 5: DISCRIMINATION AND RETALIATION UNDER TEXAS LAW

33.     Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

34.     Plaintiff is a member of one or more protected classes under Chapter 21, Sec. 21.051 of the Texas Labor Code ("TCHRA"). Plaintiff was discriminated against due to his race and also retaliated against for complaining about the racial discrimination. Moreover, the post-complaint actions of Plaintiff's supervisors and/or management of the company constitute aiding and abetting

discriminatory practices and policies of the company. Therefore, Defendant's conduct is also in violation of multiple sections of Chapter 21 of the Texas Labor Code. *See* TEX. LAB. CODE §§ 21.051(1), 21.055(1), (3), 21.056.

35.     Defendant's actions demonstrate that during Plaintiff's employment, the company had a perverse culture of involving discrimination with malice or with reckless indifference to Plaintiff's protected rights and are in violation of Title VII of the Civil Rights Act and Texas law.

F.     DAMAGES

36.     Due to the racial discrimination and retaliation described above that Plaintiff suffered at the hands of Texas Aggregates, Plaintiff has suffered actual damages. Specifically, since terminated, Plaintiff was out of work for months, struggling to feed his family. Moreover, such discrimination has caused Plaintiff to suffer lost raises, seniority and retirement benefits, and other benefits.

37.     In addition, Plaintiff avers that Defendant's unlawful discrimination and retaliation justify an award of compensatory and punitive damages. Specifically, Plaintiff has been harmed emotionally by the discrimination and retaliation he faced at Texas Aggregates. Moreover, the company's blatant ratification of discriminatory conduct, after being put on notice of the same with Plaintiff's complaints of discrimination, warrant punitive damages.

38.     Plaintiff has been denied opportunities to which he was entitled and  such benefits and privileges that he would have received if he had not been intentionally discriminated against by Defendant. Plaintiff is now suffering  and  will continue to suffer past and future pecuniary losses, emotional and physical  pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  These irreparable injuries and monetary damages are the result of Defendant's discriminatory and retaliatory practices, and they will continue unless and until this Court  grants relief.

## VI.    JURY REQUEST

39.    Plaintiff requests a trial by jury.

## VII.    PRAYER

For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

    a)    For actual damages;

    b)    Back pay to compensate Plaintiff for loss of income and/or employment related benefits resulting from the discriminatory and retaliatory actions of Defendant;

    c)    Compensatory damages for severe mental anguish and emotional distress in the past and future, injury to his reputation, for adverse effects on his career, and for diminished earning capacity resulting from the discriminatory and retaliatory actions of Defendant;

    d)    For punitive damages in the amount found by the trier of fact to punish and deter continuation of Defendant's unlawful employment practices;

    e)    An award of reasonable attorneys' fees and the cost and expenses related to the litigation of this claim;

    f)    Pre-judgment interest at the highest rate allowed by law;

    g)    Post-judgment interest at the highest rate allowed by law; and

h)      For such other and further relief to which this Court deems Plaintiff isjustly

entitled and/or deems proper.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

Bridget Davidson
*bdavidson@spacecitylaw.com*
TBN: 24096858
SPACE CITY LAW FIRM
3603 Sierra Pines Drive
Houston, Texas 77068
Tel.: 713-568-5305
Fax: 713-583-1107

ATTORNEY FOR PLAINTIFF